IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE BUTLER, Individually and as Administratrix of the Estate of Susie B. Mills, deceased, as Assignee of Service Plus Delivery Systems, Inc.,       Plaintiff, <br><br> v. <br><br> SCOTTSDALE INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY,       Defendants. | : <br> :    CIVIL ACTION <br> : <br> : <br> : <br> : <br> : <br> : <br> :    NO. 08-CV-4597 <br> : <br> : <br> : |

ORDER

AND NOW, this 5th day of February 2009, upon consideration of Defendant Scottsdale Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. No. 4), Plaintiff's Response thereto (Doc. No. 8), and Defendant Scottsdale Insurance Company's Reply in Support of Its Motion to Dismiss (Doc. No. 11), it is hereby ORDERED that Defendant Scottsdale Insurance Company's Motion to Dismiss is DENIED.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises from the denial of a request for coverage submitted by Service Plus Delivery Systems, Inc. ("Service Plus") to Defendants Scottsdale Insurance Company ("Scottsdale") and United States Fire Insurance Company ("U.S. Fire"). Service Plus had a commercial general liability insurance policy with Scottsdale and an automobile liability insurance policy with U.S. Fire. (Compl. ¶¶ 6-7.) On November 3, 2005, a Service Plus employee was assisting Susie B. Mills ("Mills") as she walked down the front steps from her

1

home.  (Id. ¶ 13.)  Mills fell and sustained a subdural hematoma.  (Id. ¶¶ 14-15.)  She underwent two craniotomy surgeries and died on November 7, 2005.  (Id. ¶ 15.)  Plaintiff Suzanne Butler ("Butler") was appointed as the administratrix of the estate of Mills and subsequently commenced a lawsuit against Service Plus in the Philadelphia Court of Common Pleas.  (Id. ¶ 17.)  Service Plus notified Scottsdale and U.S. Fire of the claims asserted by Butler.  (Id. ¶¶ 19-20.)  Scottsdale and U.S. Fire both denied coverage.  (Id. ¶¶ 21-24.)

Scottsdale initially denied coverage on February 27, 2006.[1]  (Id. ¶ 26 & Ex. D.)  On June 22, 2006, U.S. Fire wrote to Scottsdale suggesting that Scottsdale reconsider its denial of coverage.  (Id. ¶ 27.)  U.S. Fire pointed out that Scottsdale "may have overlooked or misapprehended case law which is directly on point."  (Id.)  According to U.S. Fire, the same arguments raised by Scottsdale to deny coverage to Service Plus were raised and rejected in Scottsdale Ins. Co. v. Travelers Ins. Co., No. 94-6710 (E.D. Pa. 1995).  (Id. ¶ 28.)  Scottsdale rescinded its denial of coverage on September 7, 2006 pending further investigation.  (Id. ¶ 31.)  Scottsdale's September 7, 2006 letter specifically stated, "As you may recall, Scottsdale denied coverage for this claim on February 24, 2006.  Scottsdale has further reviewed this claim and has determined that it will rescind its denial of coverage at this time while it conducts an investigation."  (Id. Ex. D.)

According to Butler, while she pursued her action against Service Plus, Scottsdale never appointed an attorney, paid any defense costs, nor took any other steps to "protect, defend, or

---

[1] The Complaint states that the initial denial took place on February 24, 2006.  However, the denial letter attached to the Complaint is dated February 27, 2006.  Butler identifies and corrects this error in her Memorandum of Law in Opposition to Defendant Scottsdale's Motion to Dismiss.  (Pl.'s Mem. Opp'n Def. Scottsdale's Mot. Dismiss 1 n.1.)

indemnify" Service Plus.  (Id. ¶ 32.)  Thus, Service Plus paid its own counsel fees and defense costs.  (Id. ¶ 37.)  At the conclusion of discovery, Service agreed to the entry of a stipulated judgment in the amount of $1,000,000.00.  (Id. ¶ 53 & Ex. A.)  After the entry of judgment, Scottsdale sent a fax to Service Plus again purporting to rescind their denial of coverage.  (Id. ¶ 54.)  In the stipulated judgment, Service Plus assigned to Butler, individually and as administratrix of the estate of Mills, its right to pursue legal claims against its insurers.  (Id. ¶ 10 & Ex. A.)  It is pursuant to that assignment that Butler brings the present action alleging breach of contract against both Scottsdale and U.S. Fire as well as bad faith, breach of the duty of good faith and fair dealing, and breach of fiduciary duty against Scottsdale.  Scottsdale now moves to dismiss the bad faith claim.

II.     LEGAL STANDARD

When evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations set forth in the complaint.  See Fed. R. Civ. P. 12(b)(6); Malia v. Gen. Elec. Co., 23 F.3d 828, 830 (3d Cir. 1994).  In deciding a motion to dismiss, a court looks to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007), and a court "need not credit a complaint's 'bald assertions' or 'legal conclusions,'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks omitted).  In other words, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S. Ct.

at 1965). Therefore, a claim may be dismissed when the facts alleged and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought. See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 179-80 (3d Cir. 1988).

"Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called 'Third-Circuit Rule' allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion 'if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Zankel v. Temple Univ., 245 Fed. Appx. 196, 198 (3d Cir. 2007) (quoting Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002)). Thus, "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12((b)(6)." Robinson, 313 F.3d at 135 (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

III.   DISCUSSION

Scottsdale moves to dismiss Count II of Plaintiff's Complaint, which sets forth a cause of action for bad faith under 42 Pa. Cons. Stat. Ann. § 8371 and Pennsylvania common law. (Compl. ¶ 75.) According to Scottsdale, Count II should be dismissed because (1) the statute of limitations bars the claim brought under 42 Pa. Cons. Stat. Ann. § 8371 and (2) Pennsylvania does not recognize a common law cause of action for bad faith.

A.   The Statutory Bad Faith Claim

To the extent that Butler's bad faith claim is based on 42 Pa. Cons. Stat. Ann. § 8371, Scottsdale argues that the applicable two-year limitations period bars this action because Scottsdale initially denied coverage on February 27, 2006 and Butler initiated this action on September 19, 2008, two years and seven months later. (Def. Scottsdale's Mot. Dismiss ¶¶ 3-8.)

A two-year statute of limitations period governs statutory bad faith claims brought pursuant to 42 Pa. Cons. Stat. Ann. § 8371.  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223-24 (3d Cir. 2005) (citing Haugh v. Allstate Ins. Co., 322 F.3d 227, 236-37 (3d Cir. 2003)); Ash v. Cont'l Ins. Co., 932 A.2d 877, 885 (Pa. 2007).  A claim for bad faith under 42 Pa. Cons. Stat. Ann. § 8371 accrues when "the insurer first provide[s] definite notice of a refusal to indemnify or defend."  Id. at 224 (citing Adamski v. Allstate Ins. Co., 738 A.2d 1033 (Pa. Super. Ct. 1999)); see also Simon Wrecking Co. v. AIU Ins. Co., 350 F. Supp. 2d 624 (E.D. Pa. 2004) (statute of limitations started running at point of initial "clear" denial).  Scottsdale's Motion to Dismiss Plaintiff's statutory bad faith claim rests on the argument that the statute of limitations began to run when Scottsdale first notified Service Plus on February 27, 2006 that Scottsdale would not provide coverage.  Butler admits that Scottsdale initially denied coverage on February 27, 2006.  (Compl. ¶ 26.)  However, as alleged by Butler, Scottsdale subsequently rescinded its denial of coverage on September 7, 2006 pending further investigation.  (Id. ¶ 31.)  Scottsdale repeated its rescission in June of 2008.  (Id. ¶¶ 54-56.)  In light of the rescission of the initial denial, there was no denial of coverage that could have formed the basis for a bad faith claim.  Scottsdale has failed to cite any decision where a statutory bad faith claim was held to have accrued on the date of the initial denial despite subsequent rescission of the initial denial.  Compare Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc., No. 05-0033, 2006 WL 1289545, at *9 (M.D. Pa. May 9, 2006) (limitations period ran from date of initial denial despite second denial because second denial merely affirmed initial denial).  Due to Scottsdale's rescission of its initial denial, we cannot say that "definite" or "clear" notice of denial was provided to Service Plus on February 27, 2006.

Any statute of limitations defense is therefore not apparent on the fact of the Complaint, and Scottsdale's motion to dismiss Butler's statutory bad faith claim must fail.

      B.    <u>The Common Law Bad Faith Claim</u>

To the extent that Butler's bad faith claim is based on the common law of Pennsylvania, Scottsdale argues that Pennsylvania recognizes no such action. (Def. Scottsdale's Reply Br. Supp. Mot. Dismiss 2.) However, Pennsylvania does recognize a common law cause of action for bad faith based in contract. <u>Haugh</u>, 322 F.3d at 236-37 ("[S]ection 8371 . . . does not alter [the plaintiff's] common law contractual rights. . . . The statute does not reference the common law, does not explicitly reject it, and the application of the statute is not inconsistent with the common law. Consequently, the common law remedy survives.") (quoting <u>Birth Ctr. v. St. Paul Cos., Inc.</u>, 787 A.2d 376, 386 (Pa. 2001)); <u>DeWalt v. Ohio Cas. Ins. Co.</u>, 513 F. Supp. 2d 287, 291 (E.D. Pa. 2007) ("Bad faith by an insurance company can give rise to two separate causes of action under Pennsylvania law: a breach of contract action for violation of an insurance contract's implied duty of good faith and a statutory action under the terms of Pennsylvania's bad faith law . . . ."). The statute of limitations for this cause of action is four years. <u>Id.</u> at 237 (citing 42 Pa. Cons. Stat. Ann. § 5525). Even if Butler's common law bad faith claim accrued on February 27, 2006, it would have been brought well within this four-year period when commenced on September 19, 2008. Thus, Scottsdale's motion to dismiss the common law bad faith claim fails.

IV. CONCLUSION

Accordingly, it is hereby ORDERED that Defendant Scottsdale Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. No. 4) is DENIED.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.